RICHARD P. COOPER VICE CHAIRMAN Town of Olive Planning Board
This is in response to your letter dated November 21, 1977, wherein you ask for our opinion on five questions relating to Chapter 638 of the Laws of 1977, which amended § 17-1501 of the Environmental Conservation Law and § 1115 of the Public Health Law, in relation to realty subdivisions.
Although it is our normal procedure to render informal opinions only to municipal attorneys, since the Town of Olive does not have a Town Attorney, the following is sent to you in your capacity as Vice-Chairman of the Town of Olive Planning Board.
Your first question asks if the three-year time limitation contained in paragraph "1" of the new sections, which define the word "subdivision", applies to all subdivisions, even those for which a map or plan has been submitted to a Planning Board, or does it apply only to unplatted tracts of land. It is clear from the pertinent part of the statutory definition of the word "subdivision" — that a tract is such "regardless of whether the lots or plots * * * are described by metes or bounds or by reference to a map or survey of the property or by any other method of description and regardless of whether the lots or plots are contiguous" — that it is the intent and purpose of the law to make no distinction between tracts in which the lots are described by metes and bounds or shown on a map and tracts in which the lots are described by any other method of description. Thus, the time limitation applies to all tracts which may become a subdivision.
The second question posed is whether lots larger than five acres shown on a plat submitted to the Planning Board for approval may be counted in determining whether or not a tract is a subdivision. Paragraph "1" of the new sections defines a "subdivision" as a tract divided into five or more parcels which are "residential lots". Accordingly, in determining whether or not a tract is a subdivision, only those lots which are "residential lots" as described in paragraph "3" of the new sections, i.e., parcels of five acres or less, may be counted in determing whether or not the tract has been divided into five or more parcels.
Your third question inquires as to whether the new law "is in two distinct parts — one referring to parcels of land described by metes and bounds or by reference to a map or survey and a second referring to tracts of land on which no map has been prepared." As stated above, in response to your first question, no such distinction is intended or set forth in the statute.
Your fourth question — which asks our opinion as whether the new law "tightens the jurisdiction of the Health and Environmental Conservation Departments" or allows "more leeway to a developer to avoid the requirements of these departments" — does not ask for interpretation of any specific statutory provision, but requests only our general views on the statute. Therefore, it does not come within the proper jurisdiction of an Attorney General's opinion.
Your fifth question inquires as to whether a town planning board can define "residential lots" as parcels of 10 acres or less and then require County Health Department approval of a subdivision, consisting of, or including, parcels in excess of five acres, as a prerequisite to filing of the subdivision map in the County Clerk's Office. Since the authority of the County Health Department to approve subdivisions is derived from State law (ECL 17-1503; PHL 1118), and municipal regulations intended to utilize County Health Department approval must be consistent with State law, the County Health Department, having no authority under the State enabling statutes to consider the adequacy of water supply and sewage disposal facilities of lots larger that five acres in size, cannot derive such authority from municipal regulations. Accordingly, it is my opinion that you may not require County Health Department approval of a subdivision with parcels in excess of five acres as a prerequisite to filing of a map in the County Clerk's Office.
I do note, however, that a town planning board has the power to disapprove a proposed subdivision plat if the sewage system is inadequate (Parmadale Development, Inc. v. Planning Board of the Town of Parma,35 A.D.2d 904 [4th Dept., 1970]).